## McKEESPORT TIN PLATE CO. v. HEINER, Collector of Internal Revenue.

### SAME v. UNITED STATES.

### Nos. 6142, 6143.

District Court, W. D. Pennsylvania.

Oct. 24, 1933.

For former opinion, see 4 F. Supp. 245.

S. Leo Ruslander, George K. Warn, Samuel Kaufman, R. J. Cleary, J. P. Fife, William J. Levy, all of Pittsburgh, Pa., Harry Friedman, of Washington, D. C., and Douglass, Fife & Young, of Pittsburgh, Pa., for plaintiff.

Horatio S. Dumbauld, U. S. Atty., and John A. McCann, Sp. Atty., Bureau of Internal Revenue, both of Pittsburgh, Pa., and E. Barrett Prettyman, Gen. Counsel, and R. P. Hertzog, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendants.

GIBSON, District Judge.

On July 3, 1933, judgment for the defendant was ordered in each of the above cases. Later counsel for the plaintiff moved for a new trial, and the cases have been reargued. Exhaustive briefs have been submitted by counsel, and we have endeavored to carefully review the matters involved.

Counsel for the plaintiff take special exception to the following excerpt from the opinion: "As stated, Congress has given the Commissioner great power in the matter of amortization, and, since originally conferring that power, has taken no action to curb or confine it. For ten years the regulations of the Commissioner have been established, and for that period his interpretations of them have been known. During that period he has applied the regulations in the same manner as in the amortization allowance to the plaintiff. This application of the law has been accepted and followed by the Board of Tax Appeals and by various courts, during the existence of the regulations, as being a correct observance of the statute providing for amortization. Under such circumstances, it is not for this court to undertake to establish a new regulation, or to interpret the existing regulation in another way than that in which it has been construed by its author, and as universally accepted."

It is claimed that the court was mistaken in the allegation that the method of determining amortization adopted by the Commissioner of Internal Revenue in the instant cases was the method regularly adopted by him for the preceding ten years, and accepted by the courts during that period. Counsel point to Senate Report No. 27, 69th Congress, being the report of the Committee on Investigation of the Bureau of Internal Revenue, commonly known as the Couzens Committee. That report shows that the Commissioner, in a rather small percentage of the cases examined by the committee, had used the method claimed by plaintiff; and for these variations from the usual practice the committee has criticized the Commissioner. Counsel for the defendant admit some variations from the present method prior to 1925, but assert that since that year the method has been as in the present cases.

It may be that we were in error in asserting that the Commissioner had consistently followed his instant interpretation of his amortization regulation for ten years. Possibly the period was suggested by the opinion in United States v. Briggs Manufacturing Co. (C. C. A.) 40 F.(2d) 425. The statements therein made accorded with the experience of this court in all prior amortization cases coming under its notice. It may be that the Commissioner within the ten-year period has not followed his present amortization method so consistently as we stated, and has in some instances deviated from it. Whether that be true or not is of little importance, in view of our opinion that he has correctly interpreted and followed his regulation in the instant cases—and to that opinion we still adhere despite the forcible argument of counsel for the plaintiff.

The motion for a new trial will be denied.